Argued and submitted April 23, appeal dismissed November 12, 1986

# WILLIAMS,
*Respondent,*

*v.*

# DIVISION 757, AMALGAMATED TRANSIT UNION,
*Appellant,*
# TRI-COUNTY METROPOLITAN DISTRICT OF OREGON,
*Respondent.*

## (A8401-00304; CA A35308)

728 P2d 79

David S. Paull, Portland, argued the cause for appellant. With him on the briefs were Dennis O'Malley and Aitchison, Imperati, Paull, Barnett & Sherwood, P.C., Portland.

Richard Van Cleave, Portland, argued the cause for respondent Tri-County Metropolitan Transportation District of Oregon. With him on the brief were Richard C. Hunt and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Scott O. Pratt, Portland, waived appearance for respondent Williams.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant Division 757, Amalgamated Transit Union (Union), appealed a judgment entered pursuant to ORCP 67B against plaintiff and in favor of defendant Tri-County Metropolitan Transportation District of Oregon (Tri-Met). We allow Tri-Met's motion to dismiss the appeal.

Plaintiff alleged claims against Union for negligence, breach of the duty of fair representation and breach of fiduciary duty. The claims arose out of Union's representation of plaintiff in an arbitration proceeding under a collective bargaining agreement between Union and Tri-Met. Plaintiff also alleged claims for breach of contract against Tri-Met which are identical to the claims on which the arbitrator had ruled against her. Defendants moved to dismiss all of the claims. The trial court granted Tri-Met's motion in its entirety and granted Union's motion, except as to the negligence claim. Thereafter, on Union's motion, the trial court made the appropriate findings under ORCP 67B and entered the challenged judgment, which is appealable. Plaintiff, however, does not appeal, and Union is without standing to appeal.

Union asserts that it has standing to appeal, because plaintiff's claims against it are inextricably linked to her claims against Tri-Met. Assuming that assertion to be correct, there is no judgment which prejudices Union and therefore no judgment from which it can appeal. ORS 19.020; *see Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 365-66, 723 P2d 298 (1986).

The trial court dismissed plaintiff's fair representation and breach of fiduciary duty claims against Union; those are the only claims under which Tri-Met might be liable jointly or severally along with Union for plaintiff's damages. The pending negligence claim is only against Union. Plaintiff alleges that Union *negligently* represented her in the arbitration proceeding. That claim is analogous to an action for legal malpractice; if plaintiff succeeds in proving negligence, her remedy is against Union, not Tri-Met. Thus, Union is not prejudiced on the *negligence* claim by the dismissal of Tri-Met from the case.

Union argues that the duty of fair representation

supersedes any tort liability for negligently representing plaintiff. If Union is correct, the trial court erred in not dismissing the negligence claim. However, that possible error is like any other error in a ruling which does not terminate the case; Union must wait until there is an appealable judgment on the negligence claim before it can raise the issue on appeal. Union is not prejudiced by the judgment which it attempts to appeal.

Appeal dismissed.